UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA et al.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ABANOOB ABDEL-MALAK,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-1426-CAB-BLM<br><br>**ORDER SUA SPONTE REMANDING TO SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL DIVISION** |

On July 24, 2020, Abanoob Abdel-Malak ("Abdel-Malak"), proceeding pro se, filed a Notice of Removal pursuant to 28 USC § 1455, seeking to remove criminal proceedings currently pending in the San Diego Superior Court, Case No. M268212DV. [Doc. No. 1 at 8.] Abdel-Malak has also filed motions to proceed in forma pauperis and to appoint counsel. [Doc. Nos. 2, 3.]

In the notice of removal Abdel-Malak states that he has not yet been notified or served with the criminal complaint, but upon doing research in relation to his previously filed case in this court, Case No. 20-cv-1035-CAB-JLB[1], he noticed an action was docketed

---

[1] On June 8, 2020, this Court *sua sponte* dismissed Plaintiff Abanoob Abdel-Malak's complaint in connection with his application to proceed in forma pauperis ("IFP") against a host of defendants, including the Superior Court for the County of San Diego, the City of San Diego, the County of San Diego, and various other government entities and individuals. In that order, the Court noted that Plaintiff's

and therefore seeks to remove that action as soon as possible.  Attached as an exhibit to the notice of removal is a letter from the city attorney addressed to Abdel-Malak stating a complaint charging him with five counts of violating PC 273.6(a), a misdemeanor for disobeying a court order, has been issued with a date of arraignment of October 7, 2020. [Doc. No. 1-2 at 3.]  The letter states the complaint was filed in the San Diego Superior Court, Central Division.  [*Id.*]  Throughout the near three-hundred-page notice of removal Abdel-Malak also references several state and federal cases involving him filed in various counties and jurisdictions in California.  It is not clear what the relevance of these cases are, and it appears that Abdel-Malak is attempting to either remove those cases as well or bring an entirely new claim.  If so, the Court finds that any attempt at removing these various cases or bringing a new claim is frivolous and improper.

Removal of criminal cases is available only to a small class of defendants or under unique circumstances in which the state courts are deemed unable or unwilling to enforce a defendant's civil rights.  28 U.S.C. §§ 1442–43.  In particular, federal officers who are being prosecuted for acts done in furtherance of their official duties may remove a criminal case.  28 U.S.C. § 1442.  Members of the armed forces of the United States may remove prosecutions when certain claims or defenses are present.  28 U.S.C. §§ 1442a.

Further, a defendant may remove a state prosecution to federal court where it is: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.  28 U.S.C. § 1443(1) and (2).  The United States Supreme Court

---

complaint was frivolous as it appeared to be related to actions already pending in the Central District of California, where Plaintiff resides, and where most or all of the alleged wrongful acts in the complaint appeared to have occurred.  Ultimately, the Court exercised its discretion to dismiss the lawsuit in favor of the previously filed lawsuits in the interest of efficiency and judicial economy.  [*See* Case No. 20-cv-1035-CAB-JLB at Doc. No. 4.]

has interpreted § 1443(1) as limited to a state court's unwillingness to enforce a law "providing for civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  A criminal defendant must assert that the state will not enforce rights given to him by "explicit statutory enactment protecting equal racial civil rights[,]" and must support this allegation "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).

There is no allegation that a law providing for racial equality is at issue here.  Abdel-Malak's allegations appear to suggest he believes various officials and the courts in general are improperly handling his various cases.  But such conclusory allegations are insufficient for removal.  *See City of Seattle v. Manuel*, No. C13-0585-JLR-MA, 2013 WL 1898244, at *2 (W.D. Wash. Apr. 5, 2013), report and recommendation adopted, No. C13-0585-JLR, 2013 WL 1898243 (W.D. Wash. May 4, 2013) ("[R]emoval under § 1443(1) requires more than a simple allegation that one's federal rights have been improperly denied by the state, or that one cannot obtain a fair trial in the state court.").

For these reasons, the Court finds that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  28 U.S.C. § 1446(c)(4).  Accordingly, this case is **REMANDED** to the Superior Court of California, County of San Diego, Central Division for further proceedings.  The motions to proceed in forma pauperis and to appoint counsel [Doc. Nos. 2, 3] are **DENIED as moot**.

**It is SO ORDERED**.

Dated:  July 28, 2020

Hon. Cathy Ann Bencivengo
United States District Judge